# JOHN PHILLIPS

### v.

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*verdict upon special plea.* Where a party had pleaded not guilty to an indictment for an assault with intent to murder, and under which he could have been convicted of the lesser offense, an assault with intent to do a bodily injury, an application for leave to withdraw his plea of not guilty for the purpose of filing a special plea of former conviction in another jurisdiction for the same offense, was regarded of a most dangerous character to the accused, because, if he had failed in his special plea, the jury would have been compelled to find him guilty of the higher offense charged in the indictment.

2. If such a plea were a proper one, it would be in the nature of a plea *puis darrein continuance* in civil cases, and the legal effect of it might be, if the defense arose after the plea of not guilty was entered, a waiver of the latter plea.

3. SAME—*withdrawing plea of not guilty and filing special plea—how far discretionary.* An application for leave to withdraw a plea of not guilty in such case, and to file the special plea, is so far addressed to the sound discretion of the court, that nothing short of a clear abuse of it can be assigned as error.

4. SAME—*former conviction—whether a bar—of being twice put in jeopardy for the same offense.* While it is true, that a person shall not be subject, for the same offense, to be twice put in jeopardy, yet a conviction and punishment in another State for a crime against our own laws, can not, in any legal sense, constitute that jeopardy.

5. So where a party was indicted in this State, in a county bordering on the Mississippi river, for an offense committed upon a boat attached to the east bank of the river, and within the jurisdiction of this State, and was afterwards indicted in the State of Iowa, on the opposite side of the river, for an offense of the same character, alleged to have been committed within the jurisdiction of the latter State, and was convicted upon proof of the same offense charged in the indictment found in this State: *Held,* the offense for which the conviction was had in the State of Iowa, could not be regarded as the same, in *law*, as that for which the party had been indicted in Illinois, and that conviction was no bar to the prosecution here.

6. In attempting to set up the former conviction in the State of Iowa, there was no foundation laid in the evidence for the application of the principle applicable to courts of concurrent jurisdiction, nor was the defense placed upon that ground.

7.  As a general principle, the laws of a country, and especially its criminal laws, do not extend beyond its territorial limits, which, in this case, was the middle of the Mississippi river.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

The opinion states the case.

Messrs. BLANCHARD & SILVER, for the plaintiff in error. T

Mr. WASHINGTON BUSHNELL, Attorney General, for the People.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The plaintiff in error was indicted, on the eleventh day of January, 1869, in the circuit court of Rock Island county, for an assault upon one Jasper N. Hampton, with a loaded revolver, on the thirtieth day of October, 1868, within said county. He filed a plea in abatement to the jurisdiction of the court, to which a demurrer was interposed, sustained by the court, and the plea of not guilty entered. A trial was had, and verdict of " guilty of assault with a deadly weapon with intent to inflict a bodily injury, when no great provocation appeared," was returned, and he was sentenced to pay a fine of $250, upon which the case was brought to this court by writ of error. No point is made upon the form of the verdict. The bill of exceptions shows, that when the case was called for trial, plaintiff in error asked leave to withdraw his plea of not guilty, and file a special plea in bar of the further prosecution of the cause. The plea is set out in the bill of exceptions. It avers, that theretofore, at a session of the district court of the State of Iowa, held in Muscatine county, of that State, on the sixth day of June, 1869, said John Phillips was lawfully convicted of said offense, charged in said indictment; that the said district court of Iowa had exclusive jurisdiction of said offense,

the same having been committed upon the waters of the Mis-, sissippi river, said river being navigable, and forming a common boundary between the States of Illinois and Iowa, " all of which will appear from an inspection of the records of said conviction, herewith filed, and made a part hereof," concluding with a verification and prayer for judgment.

This application was refused by the court, and exception taken. On the trial, the counsel for the accused offered the records referred to in the plea, in evidence to the jury, which were excluded by the court, and exception taken. These two exceptions form the only basis of error relied upon in argument, and comprise the only questions which will be considered here.

The application for leave to withdraw the plea of not guilty, was one of a most dangerous character to the accused ; because, if allowed, and he had failed in his special plea, the jury would have been compelled to find him guilty of the higher offense charged in the indictment, viz: assault with intent to commit murder. If the special plea tendered had been a proper one, it would have been in the nature of a plea *puis darrein continuance* in civil cases, and the legal effect of it might have been, if the defense arose after the plea of not guilty was entered, a waiver of the plea of not guilty ; and in such a case as this, where the offense charged in the indictment is of a grave character, punishable with imprisonment in the penitentiary for a term that might be fixed at fourteen years, but one that might, under the plea of not guilty, be reduced to a mere misdemeanor, punishable with a fine, as it actually was, the court would not be so insensible to the rights and interest of the accused as to permit his counsel to place him in the position where he must sustain a particular defense, or be exposed to a certain conviction of the specific one charged in the indictment, unless such particular defense appeared to be clearly within the law. It will be manifest from these suggestions, that the application was addressed to the sound discretion of the court, and nothing

short of a clear abuse of it could be assigned for error. Was there such abuse in this case?

This leads us to a consideration of the so-called plea which was tendered—is contained in full in the bill of exceptions, and has been carefully examined. We do not think the court erred in refusing to have the records cumbered with such pleadings. It is impossible to characterize it otherwise, than as a mass of undigested matter, most of which is wholly inapplicable to the proper uses of a plea, so incorporated as to be inseparable—one part repugnant to another—all of which is thrown together without any apparent purpose of forming a triable issue, and in supreme disregard of all ordinary principles of good pleading. The records, which are incorporated in and form a part of it, contain the indictment in, and plea to the jurisdiction of, the district court of Iowa; all orders and proceedings of record in that court; the names of several witnesses, and their testimony in full, besides a learned and voluminous charge of that court to the jury. The part purporting to contain the averments, avers that said district court had exclusive jurisdiction of the offense charged in the indictment, whereas the record, made a part of the plea, shows that he was indicted for an offense committed within the county of Muscatine, in the State of Iowa, and that the offense for which he was tried was committed upon a ferry boat, at the time fastened to the dock on the east bank of the Mississippi, and within the county of Rock Island, Illinois.

It also avers, that he was *convicted* of the same offense charged in the indictment, viz: assault with intent to murder. But it appears by the same record, that he was convicted in said district court of an assault with intent to commit great bodily injury.

These reasons are sufficient to justify the court below in refusing to permit the plea to be filed. While courts should be careful to secure to persons accused of crime all of their legal rights, yet they are under an equal obligation to the side

of the people, and must uphold those common principles of pleading and practice, whose observance is indispensable to a proper administration of justice.

But we are aware of no principle of law upon which the matter of this plea could be set up as a bar to the indictment in Rock Island county, for an offense charged to have been committed within that county. The indictment in the district court of Iowa distinctly alleged what purported to be a crime within the county of Muscatine, in that State. The offense charged in the latter, was not intended to be one against the laws of the State of Illinois, but against the laws of the State of Iowa. If so, then the offense for which he was convicted in the district court, could not be the same, in *law*, as that for which he was indicted in Rock Island county. *Freeland* v. *The People*, 16 Ill. 380.

The constitutional boundaries of this State carry her territorial limits to the middle of the Mississippi river. The offense for which plaintiff in error was indicted and tried in Rock Island county, was both alleged and proved to have been committed within that county, and was, therefore, an offense against the dignity and sovereignty of the State of Illinois. The statutes of Iowa were not set out in the plea, or offered in evidence, so far as the record shows. The bar of the conviction in the State of Iowa was not attempted to be placed upon the theory of concurrent jurisdiction in the courts of each State. It is a general principle, that the laws of a country do not extend beyond its territorial limits, and this is especially so as to criminal laws, and it is also a general principle, that the conviction and punishment of an accused in one sovereignty is no bar to his conviction and punishment in another, in which the offense was originally committed. *State* v. *Brown*, 1 Hayw. 116; Chief Justice TANEY, in *United States* v. *Amy*, (reported in note) 14 Md. 152, and cases cited; *Commonwealth* v. *Andrews*, 2 Mass. 14; *Same* v. *Green*, 17 Mass. 540–7.

As there was no foundation laid in the evidence for the application of the principles applicable to courts of concurrent

28—55TH ILL.

jurisdiction, and as the people of the State of Illinois were neither parties nor privies in the record offered in evidence, we are unable to perceive any principle upon which it was admissible as evidence to the jury. While we are bound to extend to all persons accused of crime the benefit of the benign maxim of the common and our constitutional law, "that no person shall be subject, for the same offense, to be twice put in jeopardy," yet we are unwilling to admit, that a conviction and punishment in a sister State for a crime against our own laws, in any legal sense, constitutes that jeopardy.

The judgment of the court below is affirmed.

*Judgment affirmed.*