THOMAS J. CROCKER, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

1. The plea of *autrefois convict* should set forth the former record, including the former indictment, so that it may appear to the Court therefrom, and by proper averments in the plea, that his former conviction was for the same offense as the one for which he is now indicted. (R.)

2. Where, during the same difficulty, assaults are made by the defendant upon two distinct persons, and he is tried and convicted for the assault made on one, and pleads this fact to the indictment for the assault made upon the other, the intent with which the assaults were made by the defendants on both or either of the parties, would be a question for the jury.  (R.)

Criminal law.   *Autrefois convict*.   Before Judge CLARK. Lee Superior Court.   November Term, 1872.

Thomas J. Crocker was placed on trial for the offense of an assault with intent to murder, upon the person of Shephard E. Green, alleged to have been committed on August 26th, 1868.   The defendant pleaded *autrefois convict*, as follows, to-wit:

"That at the September term of said Lee Superior Court, for the year 1871, defendant was arraigned, tried and con-

Crocker *vs.* The State of Georgia.

victed before a jury selected, empanneled and sworn for that purpose, on an indictment then and there pending against him at the instance of the State of Georgia, for an assault with the intent to murder, on the person of one James Shephard Green, alleged to have been committed at the same time and place as that in the present indictment, only differing as to the person on whom the assault was alleged to have been committed, and on such trial and conviction the same evidence was had, and the same issues made as exist and would necessarily be made in this case, and that the finding was on the same evidence and issues that would be had and made in this case, and none other whatever."

To the plea was attached a copy of the evidence introduced on the former trial and conviction, the bill of indictment, the charge of the Court, and the motion for a new trial.

The plea was demurred to, and the demurrer sustained. Whereupon plaintiff in error excepted, and assigns said ruling as error.

VASON & DAVIS; LYON & IRVIN; N. A. SMITH, for plaintiff in error.

C. F. CRISP, Solicitor General; W. A. HAWKINS; C. T. GOODE, for the State.

WARNER, Chief Justice.

The error complained of in this case is in overruling the defendant's plea of *autrefois convict* to the indictment by the Court below. The principle of the law is, that the defendant shall not be twice put in jeopardy for the same offense. The plea of *autrefois convict* should set forth the former record, including the former indictment, so that it may appear to the Court therefrom, and by proper averments in the plea, that his former conviction was for the same offense as the one for which he is now indicted. The plea in this case is defective because it does not set forth the indictment on the former trial, so that the Court might determine whether the defendant had been

put in jeopardy .on the former trial, for an assault with intent to murder Shephard E. Green. The plea, however, assumes that the indictment on the former trial charged the defendant with an assault with intent to murder James Shephard Green, and was convicted therefor. The defendant is now indicted for an assault with intent to murder Shephard· E. Green, and there is no averment in the plea that James Shephard Green and Shephard E. Green, are one and the same person, but it is conceded in the argument that they are not. It is insisted, however, that inasmuch as the two alleged assaults grew out of the same difficulty between the parties, the conviction of the defendant for an assault with intent to murder James Shephard Green is a bar to the indictment for an assault with intent to murder Shephard E. Green. Although the evidence may be substantially the same, as to the difficulty between the parties at the time of the shooting, except as to the fact that defendant assaulted, and shot at Shephard E. Green, as well as James Shephard Green—Shephard E. Green and James Shephard Green being two distinct persons, and not one and the same person, the defendant may have assaulted and shot at both of them during the same difficulty, and the intent with which the assault was made by the defendant on both, or either of of the Greens, would be a question for the jury. In no view of the facts, as alleged in defendant's plea, does it affirmatively appear that the defendant has ever been put in jeopardy for an assault with intent to murder Shephard E. Green, and for that reason the plea of *autrefois convict* was properly overruled.

Let the judgment of the Court below be affirmed.