## H. L. WISE v. THE STATE.

EMBEZZLEMENT.—See an indictment for embezzlement, held to be sufficient.

APPEAL from Harris. Tried below before the Hon. Samuel Dodge.

*Garnett & Garnett,* for appellant, cited The State *v.* Johnson, 21 Tex., 775.

*George Clark, Attorney General,* for the State.

GOULD, ASSOCIATE JUSTICE.—The record in this case presents the single question of the sufficiency of the indictment.

That part which is objected to is as follows: " That H. L. Wise, late of the county aforesaid, on the 5th day of the month of March, in the year of our Lord one thousand eight hundred and seventy-three, in the said county of Harris, in the State of Texas, with force and arms, and then and there the clerk and agent of A. J. Ward, E. C. Dewey, J. S. Sellers, and N. Patten, partners, under the firm name and style of Ward, Dewey & Co., and as such agent and clerk the said H. L. Wise was then and there intrusted to collect, receive, and take into his possession the moneys, goods, and property belonging to the said Ward, Dewey & Co., and then and there, as the agent and clerk of the said Ward, Dewey & Co, he, the said H. L. Wise, did then and there receive from —— Loudon, and took into his possession, the sum of thirty-six dollars in United States currency," alleging the embezzlement of said United States currency by defendant.

It is objected to this indictment that it is not alleged by whom the agency of Wise for Ward, Dewey & Co. was created, nor by whom he was intrusted to receive the money of Ward, Dewey & Co., and that the purpose of the

agency is not distinctly alleged.   In support of these objections, the case of The State *v.* Johnson, 21 Tex., 775, is referred to.   In that case the indictment charged that the defendant, " clerk, (of a lodge of Odd Fellows,) did receive as clerk as aforesaid," &c.   The court say that it should have been alleged that it was the duty of the clerk to receive or keep the money of the lodge.   The indictment was held defective, because it did not distinctly state " that defendant had the possession or care of the money by virtue of his clerkship."

In this case the indictment alleges that defendant was intrusted, as the clerk and agent of Ward, Dewey & Co., with the collection and receipt of their money, and this averment, in connection with the averment that as such clerk and agent he did receive the money, sufficiently shows that it was his duty as clerk to receive it, and that it was received by virtue of his clerkship.   The averments of the agency, and that he was intrusted as such to collect and receive, conform to established precedents, and are not deemed by us defective in the particulars pointed out. (See Whart. Prec., 210.)

The judgment is affirmed.

AFFIRMED.