Marshall v. The State.

HOWARD T. MARSHALL, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law:** AUTREFOIS CONVICT. The rule of constitutional law cannot span country and country in such a way as to cause jeopardy in one country to free the party from trial in another, but as "a sort of merciful dispensation" a court may consider favorably the fact, if it exists, that the accused had been prosecuted and punished for the same offense in a foreign country, when it appears that he was convicted and his punishment was full and complete.

2. ———: ———. If the accused is charged in one count, in an indictment, with an offense for which he was convicted in a foreign country, and also in a second count is charged with a different and distinct offense, the plea of *autrefois convict* is bad.

3. ———: ———. When a defendant pleads not guilty, he cannot in connection with such plea, by other pleas raise questions in respect to a former conviction.

ERROR from the district court for Hall county. Tried below before POST, J. The facts appear in the opinion.

*Edward Bates*, for plaintiff in error.

*George H. Roberts*, Attorney General, for the State.

The demurrer admits the facts, but denies their sufficiency in law, thus affirming, in the language of this court—CROUNSE, J., in *The People v. Loughbridge*, 1 Neb., 13—"conviction in one state is no bar to a conviction in another" for the same crime; for, in this instance, the courts of the state of Illinois had no jurisdiction to try an offense committed against and in the state of Nebraska. Wharton on Conflict of Law, § 934, and cases therein cited. 1 Bish. Crim. Law, § 984 (latter clause). *Com. v. Peters*, 12 Met., 387, 397.

And if both courts had jurisdiction the plea is still bad. Bish. Crim. Law, vol. 1, § 179. *Moore, Exr. v. State of Ill.*, 14 How , 13, 20.

Where the offense is a crime against two sovereigns, punishment by one state is not strictly a bar to punishment by the other.   1 Bish. Crim. Law, § 984.

Many of the cases hold, that although the punishment may not be strictly a bar, the court will take it into consideration and suspend sentence, etc.   1 Bish. Crim. Law, § 986.

But in this instance the record of the Illinois court shows that Marshall pleaded guilty, and that sentence was suspended.

GANTT, J.

The plaintiff in error was indicted for the offense of forgery and counterfeiting a certain school district bond for the payment of money, and in a second count for having in his possession, for the purpose of uttering and publishing as true and genuine, a certain false, forged, and counterfeited school district bond for the payment of money; and to this indictment he pleaded a former conviction, in a prosecution against him, by the name of H. T. Marshall, in the criminal court of Cook county, and state of Illinois.   And in this plea he sets up, that to the former indictment he pleaded guilty, and on the fifth day of October, 1876, he was discharged by said criminal court of Cook county, and that the said prosecution against him was stricken from the docket of said court. To this plea of *autrefois convict* the state interposed a general demurrer, which was sustained by the court below.   It is now complained that the court below erred in sustaining the demurrer, and also in not submitting the issue raised by the plea to a trial by a jury.   In regard to the second ground of complaint, it is only necessary to remark, that the demurrer admitted the truth of the facts pleaded, and that under the ruling of the court they were not considered sufficient to constitute a bar or defense to this prosecution.   Hence there was nothing

to submit to the consideration of a jury. The question raised by the first ground of complaint is: Do the facts stated in the plea constitute a bar or defense to the prosecution of the plaintiff in this state? The plea alleges the former conviction was had in the state of Illinois. This is a foreign state, and the principle seems well settled that the laws of a country do not extend beyond its territorial limits; and therefore it is said to be " an obvious principle that the maxim and rule of constitutional law cannot span country and country in such a way a to cause a jeopardy in one country to free the party from trial in another. On the one hand, it cannot prevent a foreign government from prosecuting for crime a person who has been tried for the same offense by our courts, and on the other hand, it cannot exempt from prosecution here, one who has been tried abroad." 1 Bish. Crim. Law, § 983. And if a man offends against two governmental powers, which equally bind him, it is not easy to see why " his paying the penalty of the law to one power should relieve him from liability to pay the penalty of the law to the other power. Still, though the strict rule of the law would be so, yet as a sort of merciful dispensation the courts would undoubtedly consider favorably to the defendant the fact, if it existed, that he had been punished for the same act in a foreign country." Ibid., § 986. But it seems that in order to make such punishment for the act in a foreign country a satisfaction and a bar to a future trial, upon the ground above stated, it is necessary that " it should be complete and should have been executed to its full extent." Whart. Conf. Laws, § 934. Now, according to these general principles of constitutional law, it seems quite clear the comity between nations and independent states cannot avail the plaintiff anything, because his plea of *autrefois convict* shows clearly that the former prosecution in a foreign state was dismissed, and he was

discharged without any judgment having been pro-
nounced against him, and without having suffered any
punishment at all. Therefore, we think the demurrer
was properly sustained. But again, as stated in this
plea, that in the former prosecution the plaintiff, was
charged in the indictment only with forging, counter-
feiting, and uttering a certain school district bond, but
in the second count in the indictment, in the case at bar,
he is charged with feloniously having in his possession,
for the purpose of uttering and publishing the same as
true and genuine, a certain school district bond for the
payment of money, well knowing the same was forged
and counterfeited. This is a distinct offense from that
charged in the former prosecution in Cook county, Ill.,
and for this reason, also, we think the plea was bad, and
the demurrer was properly sustained.

After the ruling of the court upon the demurrer, the
plaintiff pleaded not guilty, and also two other pleas, in-
volving the same questions raised and passed upon by the
court, upon the demurrer to the plea of former conviction.
It is now complained that the court erred in striking out
these two latter pleas upon motion of the state. We
however think the motion was properly sustained, for
the reason that the subject matter attempted to be put
in issue by them, was passed upon by the court, and was
*res adjudicata;* and for the further reason that, after the
party has pleaded not guilty, he cannot in connection
with such plea raise the question of former conviction.
The judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.