[No. 4072.]

M. SHUBERT v. THE STATE.

PRACTICE—AUTREFOIS ACQUIT AND CONVICT—CASE APPROVED.—See the opinion for an approval of Wright's case, 17 Texas Court of Appeals, 152, on the doctrines of *autrefois acquit and autrefois convict.* See also the statement of the case for a plea of former acquittal, which, being bad upon its face, was properly stricken out; and for a plea of former conviction which, being in all respects a valid plea, and alleging in due form facts which, if proved, would constitute a bar to this prosecution, entitled the accused to a hearing upon the same; wherefore the trial court erred in striking it out, and refusing to hear evidence in support of the same.

APPEAL from the District Court of Travis. Tried below before the Hon. A. S. Walker.

The conviction in this case was for the theft of three certain horses, the property of Michael Heimer. A term of seven years in the penitentiary was the penalty assessed against the appellant.

On page 320 of the thirteenth volume of these Reports will be found the report of the case of Shubert v. The State (the appellant in that case being the same Shubert who appeals in this case), convicted for the offense of wilfully driving from its accustomed range one certain horse, the property of P. P. Cage & Brothers.

The appellant's special pleas in bar of this prosecution read as follows:

"THE STATE OF TEXAS  
      v.   } The latter alone on trial.  
"A. Elmer and M. Shubert.

"Now comes the defendant, M. Shubert, and for special plea in bar herein, says that the State ought not further to prosecute this case against him, because, he says, that heretofore, to-wit: On the thirteenth day of October, 1885, in the district court of Travis county, Texas, there was duly and legally presented and filed in said last named court, a valid indictment against him as follows," (setting out the indictment involving the Cage horse, for a description of which indictment see 20 Texas Court of Ap-

peals, 320, and also setting out the verdict indorsed thereupon, to-wit: "We, the jury, find the defendant guilty on the first count in the indictment, and assess his penalty at two years' confinement in the penitentiary.   T. L. Wren, foreman.")   "The file number thereof in said last named court being 7687, and that on, to-wit: the —— day of ——, A. D. 1885, the said accusation against the said defendant, M. Shubert, in said cause and number, was legally tried on its merits, in said last named court by a jury, and the said M. Shubert was, by the verdict of said jury, and by the judgment of said last named court, duly and legally acquitted of the accusation of theft, as set out and charged in said indictment number 7687, which said verdict and judgment of acquittal are as follows, to-wit:" (Here was inserted the judgment of the district court of Travis county, in said cause, by which the defendant was adjudged guilty of unlawfully removing the Cage horse from its accustomed range, but not guilty of theft of the horse as charged in the second count of the indictment.)

" And which said judgment still remains in full force and effect, and not in the least reversed and made void, and is the judgment of a court of competent jurisdiction.

" And the said M. Shubert, in fact says that he, the said M. Shubert, and the said M. Shubert so accused as last aforesaid, are one and the same person, and not other and different persons; and that the offense of theft, of which he, the said M. Shubert, was so acquitted as aforesaid, and the offense charged against him in the indictment herein, and for which he is now being prosecuted, is one and the same transaction and offense, and not other and different transactions and offenses, and this he, the said M. Shubert, is ready to verify; wherefore he prays judgment of the court.

"And the defendant further answering by special plea in bar, says: That in the said indictment on which he was acquitted of *theft pure,* contained, as will be seen from it as herein set out, three counts.   That the said case, as was charged in said indictment, was submitted to the jury as charged in the indictment, neither of the counts therein being abandoned, neither was there any election by the State to try him, defendant, singly, on either one of the said counts; that the jury, after the said case was submitted for consideration and verdict, failed to find him guilty of *theft pure,* as charged in the indictment, but did find him guilty of fraudulently driving a horse from its accustomed

range, under such circumstances as to constitute theft, and brought in a verdict accordingly; that the failure to find him guilty of *theft pure,* as charged in said indictment, was an acquittal of *theft pure,* as fully as if the jury had so said in their verdict by terms in *hæc verba;* and all this he is ready to verify.

"And defendant, further answering by special plea in bar of this prosecution, says that he refers to the foregoing parts of this answer for names, dates, counts, instruments, indictments, verdicts, judgments, personal identity, etc., and all other matters therein set up, and here reaffirms the same in general and particular; and then, further answering, says that he, in said court, on said indictment, before a jury, was duly and legally convicted of the offense charged against him in this indictment now presented, in this: The evidence showed, if anything, against this defendant, but one taking of the several animals embraced in this said other indictment; that he obtained said animals, if at all, at the one and same time and place, and not at different times and places, and that, in truth and in fact, there was but one offense, if any, against the State, and but one guilty act; that he, as aforesaid, has been convicted of fraudulently driving stock from accustomed range, under circumstances constituting theft; that said conviction, verdict and judgment stand in full force and effect, fixing felony on this defendant, which have in no way been reversed, and to no extent set aside, or in the least made void. So defendant, pleading in bar to this prosecution, says that he has been before convicted in a court of competent jurisdiction for identically the self same offense with which he is charged in the indictment on which this prosecution is founded and is now pending. All of which he is ready to verify, and asks the judgment of the court.

"M. SHUBERT.

"Sworn to and subscribed this twenty-third day of April, A. D., 1886.

"JAMES P. HART, clerk.
"By W. H. SHELLEY, deputy."

The disposition of the case renders a statement of the evidence unnecessary.

The motion for new trial raised the question discussed in the opinion.

*Walton, Hill & Walton* filed an able brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. Defendant's plea of former acquittal was bad upon its face, and was properly stricken out upon exception made thereto by the State. (Wright v. The State, 17 Texas Ct. App,, 152.)

But his plea of former conviction was in all respects a valid plea, alleging in due form facts which, if proved, would constitute a bar to the present prosecution. (Wright v. The State, 17 Texas Ct. App., 152.) This plea should not have been stricken out, but the defendant should have been allowed to introduce evidence in support of it; and if any evidence had been adduced in support of it, the issues made by it should have been submitted to and passed upon by the jury. (Grisham v. The State, 19 Texas Ct. App., 504.)

Because, in our opinion, the court erred in striking out the defendant's plea of former conviction, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*