PARRIS ALFORD, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

A Justice of the Peace has no authority to try a person charged with felony, and such trial by a Justice of the Peace is no bar to subsequent trial of the same offence by the Circuit Court.

Writ of Error to the Circuit Court for Suwannee county.

The facts of the case are stated in the opinion of the court.

No counsel appearing for Plaintiff in Error.

The *Attorney-General* for Defendant in Error.

MITCHELL, J.: The plaintiff in error was indicted in the Circuit Court of Suwannee county, Spring Term 1886, for unlawfully entering a building in the day time with intent to commit a misdemeanor, to-wit: petit larceny.

The defendant pleaded in bar of the action, that he had before that time been convicted before a justice of the peace for the same offence. The State demurred to the plea, and

the court sustained the demurrer; the defendant was then put on trial, convicted, and sentenced to the penitentiary for one year and the case comes here upon writ of error.

No errors are assigned, and the only question to be considered is, whether or not the court below erred in sustaining the demurrer to the defendant's plea.

The defendant was charged with a felony and the justice of the peace had no authority to try the case, and, such trial by the justice was no bar to a subsequent trial by the Circuit Court, and, therefore, the sustaining of the demurrer to the plea was not erroneous. Boswell vs. State, 20 Fla., 869.

The judgment is affirmed.