## Ex Parte Sam Bush.

The title to Chapter 4395, acts of 1895, which reads, as shown from the enrolled bill in the office of the Secretary of State, "An Act to Amend Sections 2440 and 2441 of the Revised Statutes of the State of Florida, Defining and Punishing Grand and Petit Larceny," is sufficiently broad to embrace the subject of grand larceny, and, therefore, the act is not violative of section 16 of Article 3 of the constitution of 1885.

This case was decided by Division B.

Writ of error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*A. J. Henry* for plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

SHACKLEFORD, J.—On the second day of May, 1904, Sam Bush filed in the Circuit Court for Columbia county his petition for a writ of habeas corpus, alleging therein that

at the fall term, 1902, of the Circuit Court for said county, he was indicted for breaking and entering a dwelling-house with intent to commit a felony, said felony being charged in the indictment to consist of the larceny of property of less value than one hundred dollars; that, at the spring term, 1903, of said court, he was convicted as charged in the indictment, sentenced to imprisonment for two years in the State prison, and was held by the sheriff of said county to be conveyed to said prison to serve out said sentence, which said detention in custody by said sheriff was without lawful authority. Upon this petition the court granted the writ.

The sheriff made return that he held the petitioner by virtue of a mandate from the Supreme Court of Florida, a copy of which was attached thereto.

We deem it unnecessary to set forth the proceedings in detail, but suffice it to say that after considering the petition and return, and the evidence adduced, the court denied the motion of petitioner for his discharge and remanded him to the custody of the sheriff. From this judgment the petitioner seeks relief here by writ of error.

The indictment alleges that the value of the property which defendant intended to steal was $51.45, and the verdict found the defendant guilty as charged.

Three errors are assigned, all of which embrace the proposition that the indictment upon which petitioner was tried in the Circuit Court did not charge him with the offense of breaking and entering a dwelling house with intent to commit a felony, it being contended that larceny of goods and chattels of less value than one hundred dollars is not a felony, because Chapter 4395, acts of 1895, is unconstitutional, consequently the judgment and sentence of the court below were void. The only assault made upon said act is that the title thereto is not sufficiently broad to embrace the subject of grand larceny. It becomes unnecessary for us to determine whether or not the title of said act, as printed on page 159 of the acts of 1895, is so defective as to render the same unconstitutional, for the rea-

son that the title of said act, as shown from the enrolled bill in the office of the Secretary of State, is as follows: "An act to amend sections 2440 and 2441 of the Revised Statutes of the State of Florida, Defining and Punishing Grand and Petit Larceny," which is unquestionably sufficient.

This disposes of the contention of the petitioner adversely to him, therefore, the judgment of the court below must be affirmed, and it is so ordered.

CARTER, P. J. and WHITFIELD, J., concur.

TAYLOR, C. J., and HOCKER and COCKRELL, JJ., concur in the opinion.