EDWARD M. CUTHBERTSON v. STATE OF NEBRASKA.

FILED DECEMBER 7, 1904.   No. 13,813.

1. **Desertion of Wife:** INFORMATION. In order to charge the crime of wife desertion under the provisions of section 212*a* of the criminal code, the information must clearly state that both the abandonment and the defendant's neglect or refusal to maintain or provide for his wife were without good cause.

2. **Venue.** The prosecution for such crime must take place in the county where the parties resided at the time of their separation, and where the wife was still residing when the unlawful neglect or refusal of the husband to maintain and provide for her occurred, although the first act of separation took place while -the parties were temporarily in another county.

3. **Evidence: Review.** Where the evidence on the question of the neg-
lect or refusal of the husband to maintain or provide for his wife
is conflicting, this court should not pass on its sufficiency, but
will leave that matter for the determination of the jury.

4. **Trial.** In such a case the prosecution should not be permitted to
prove acts tending to show improper familiarity between the
accused and a woman other than his wife, where such acts oc-
curred before the alleged desertion took place, and appear to
be in no way connected therewith.

ERROR to the district court for Douglas county: GEORGE
A. DAY, JUDGE. *Reversed.*

*Brome & Burnett* and *A. G. Ellick,* for plaintiff in
error.

*Frank N. Prout, Attorney General,* and *Norris Brown,*
*contra.*

BARNES, J.

Edward M. Cuthbertson, hereinafter called the defend-
ant, was convicted in the district court for Douglas
county of the crime of wife desertion, under the provisions
of section 212a of the criminal code, and was sentenced to
imprisonment in the county jail for a period of six
months, and required to pay the costs of the prosecution.
From that judgment he brings error.

1. Defendant's first contention is that the trial court
erred in overruling his objection to the introduction of
any evidence and his motion in arrest of judgment, be-
cause the information does not charge a crime; or, in
other words, it does not allege a violation of the provisions
of the statute in question. The act, so far as it relates
to the question involved in this case, reads as follows:

"That every person who shall, without good cause,
abandon his wife and wilfully neglect or refuse to main-
tain or provide for her, * * * shall, upon conviction, be
deemed guilty of a desertion and be punished by imprison-
ment in the penitentiary for not more than one year, or

by imprisonment in the county jail for not more than six (6) months."

It is apparent from reading the statute above quoted that abandonment alone, even without good cause, is not sufficient to constitute the crime of wife desertion. There must also be a wilful neglect or refusal to maintain or to provide for the wife, without good cause. The law is somewhat drastic, but it seems clear that the legislature never intended to make it a penal offense for a man to live separate and apart from his wife. Indeed, conditions sometimes arise where parties cannot well live together, and to continue the marital relation would be intolerable to one or perhaps both of them. While it requires the commission of both acts to constitute the crime, yet it is beyond question that the real purpose of the legislature in passing this statute was to make it a penal offense for a man, without good cause, to neglect or refuse to maintain or provide for his wife. To furnish maintenance for the wife is a legal duty which a husband owes to her, the performance of which should be made certain, unless by her own conduct she forfeits her right to demand it; and when such forfeiture occurs, the husband may be said to have good cause for his neglect or refusal to perform that duty. Again, there can be no conviction under the statute in question if it appears that by reason of physical injury or disability, such as destroys the earning capacity of the husband, together with his lack of property, money or estate, he is unable to support his wife. The existence of such a condition would amount to good cause, and constitute a complete defense to a prosecution on such a charge. So we are of the opinion that it was necessary to charge in the information that both the abandonment and the neglect or refusal of the defendant to maintain or provide for his wife were without good cause. The charging part of the information is as follows:

"That on the 18th day of September, in the year of our Lord one thousand nine hundred and three, Edward M. Cuthbertson, late of the county of Douglas aforesaid, in

the county of Douglas and state of Nebraska, aforesaid, then and there being, and then and there being the lawfully wedded husband of Mildred Cuthbertson, then and there unlawfully and without good cause did abandon his said wife, the said Mildred Cuthbertson, and did then and there wilfully, unlawfully and feloniously neglect and refuse to maintain or provide for her, the said Mildred Cuthbertson."

A fair construction of the language above quoted leads us to the conclusion that the words "without good cause" apply to the charge of abandonment only, and that the information fails to allege that the defendant's neglect and refusal to maintain or provide for his wife was without good cause. The sufficiency of this charge was questioned at every stage of the proceeding, and we should not under such circumstances give the language a strained construction in order to hold it sufficient. It will be observed that the prosecutor in attempting to charge the offense has not followed the language of the statute. It is a well settled rule that an indictment for a statutory crime must follow, in substance, the language of the statute. 1 Bishop, Criminal Procedure (4th ed.), sec. 614. Judge MAXWELL in his work on Criminal Procedure (2d ed.), 145, speaking of indictments, says: "Let the pleader charge the offense in the words of the statute, and if the offense is made a felony by statute allege that the act was 'feloniously' done." Indeed, it is a fundamental rule that in charging a statutory offense it is always necessary, and generally sufficient, to charge it in the language of the statute or its equivalent. We are therefore of the opinion that the court erred in holding the information sufficient to charge a violation of the statute in question.

2. The defendant's second contention is that the prosecution took place in the wrong county; that the abandonment having occurred in Dawes county he could only be prosecuted in that county. An examination of the record discloses that the defendant and his wife were married in

Douglas county in 1901; that the city of Omaha, in that county, was their home or place of residence from that time until the early spring of 1903; when, for a short time, they kept a hotel at Humphrey, in Platte county, Nebraska. The evidence does not show that they gained a residence in that county, but it appears therefrom that they sold out their hotel business and returned to Omaha in June, 1903; that defendant sought and found employment with the Chicago & Northwestern Railroad Company, which required his presence at Chadron, in Dawes county, and at other points in South Dakota and western Nebraska; that he left his wife at their place of residence in Omaha while he was so employed; that in August of that year he wrote to her to visit him at Chadron, and sent her a pass to that place with return transportation to Omaha; that she was with him in the Black Hills, at the Hot Springs, Chadron and other places, from the 18th day of August until the 18th day of September, at which time they were stopping at a hotel in Chadron. On that day a quarrel took place between them, and the defendant left for Holden, Missouri, where he obtained employment with Owen Brothers. Before he took his departure he paid his wife's bill at the hotel until the next day, furnished her with some money, and it was understood that she would at once return to their place of residence in Omaha. This she did, and the defendant was aware of that fact, for he afterwards wrote her several letters and, as he claims, sent her money to that address. As above stated, it requires not only an abandonment, but also a wilful neglect or refusal to maintain or provide for the wife, without good cause, to constitute the crime of wife desertion. The evidence is without conflict, that the defendant, on the 21st day of November, sent a check to his wife at Omaha, Nebraska, for one-half of the wages he had earned up to that time. She admits having received this check, but says that she never got it cashed, and lost it in some manner. This, however, was no fault of his, and his neglect or refusal to maintain and provide for

her occurred, if at all, after that date. She was at that time living at their former place of residence in Douglas county, and the crime was committed, if at all, in that county. *State v. Weber*, 48 Mo. App. 500; *State v. Satchwell*, 68 Mo. App. 39. It is quite immaterial where the first act of separation occurs, if such act is followed by a wilful refusal to support at the place previously provided by the husband and considered by them as their home. The county in which the home is fixes the venue of the offense. Under the facts in this case a prosecution could not have been maintained in Dawes county, and the defendant's contention on this point cannot be sustained.

3. It is next contended that the evidence does not warrant a conviction on the merits. The defendant admits that he abandoned his wife on the 18th day of September, 1903, at Chadron, in Dawes county, Nebraska; but he emphatically denies that he has neglected or refused to maintain or provide for her, and vigorously contested that question at the trial. It is shown that at least for a time thereafter he did maintain and provide for her. As to whether or not he refused and neglected to perform that duty after the 21st day of November, 1903, the evidence is conflicting. In such a case it is not the province of this court to pass on the sufficiency of the evidence. That matter must be left for the determination of the jury.

4. The defendant also assigns error in the admission of certain evidence on the part of the prosecution. The assignment is subdivided into several propositions, but one of which requires our consideration. It appears that the trial court, over proper objections, received the evidence of one Clara Lyon, which tended to prove acts of improper familiarity between the defendant and a dining-room girl at the hotel in Chadron, at a time prior to the date of the alleged abandonment, which seems to be in no way connected with that act, or with his subsequent neglect or refusal to maintain or provide for his wife. This evidence certainly did not establish or tend to establish the charge set forth in the information. It must have discredited the

defendant before the jury, and its admission was prejudicial error.

As to the other propositions, it is sufficient to say that, while the prosecution was required to prove a negative and thus establish want of good cause, yet, such proof is sufficient if the evidence shows that the husband has the ability to support the wife, and that she has not so conducted herself as to furnish good cause for his desertion. If any of the evidence excepted to was incompetent for that purpose, the court, in the event of another trial, will, without doubt, exclude it.

. For the errors above mentioned, the judgment of the district court is reversed and the cause is remanded for further proceedings according to law.

REVERSED.