FRED GODDARD v. STATE OF NEBRASKA.

FILED MAY 3, 1905.    No. 13,967.

1. **Criminal Prosecution:** INFORMATION: WAIVER.  In a criminal prosecution, the accused, by demurring or pleading not guilty to the information, waives all defects or irregularities therein which may be excepted or objected to only by a motion to quash or a plea in abatement.

2. **Desertion:** INFORMATION: SUFFICIENCY.  An information charging desertion of wife and child, based on the provisions of section 212a of the criminal code, is not bad for duplicity, and a motion to require the state to elect on which charge it will prosecute will not lie.

3. ———: ———: ———. An information which fails to state that the accused has wilfully and *without good cause* neglected and refused to maintain or provide for his wife is not sufficient to charge the crime of wife desertion. *Cuthbertson v. State*, 72 Neb. 727, followed.

4. **Evidence.** On the trial of a charge of wife desertion the state, as in all other criminal cases, is required to prove every element of the crime beyond a reasonable doubt.

5. ———. In such a case, in order to sustain a conviction, the state must prove that the accused is possessed of money, property or other means available for the support of his wife, or, if he is without such means, that he has at least some earning capacity, and his refusal, without good cause, to maintain or provide for her.

ERROR to the district court for Chase county. ROBERT C. ORR, JUDGE. *Reversed.*

*W. S. Morlan* and *C. W. Meeker,* for plaintiff in error.

*Norris Brown, Attorney General* and *William T. Thompson, contra.*

BARNES, J.

At the September, 1904, term of the district court for Chase county, an information was filed against the plaintiff in error, by which it was attempted to charge him with the crime of wife desertion. After pleading not guilty, his counsel filed a motion to quash the information, a plea in abatement, and a motion to require the state to separately state and number the two offenses, which he claimed were set forth in the information. All of these motions and objections were overruled. A trial was had, which resulted in a conviction. The accused was thereupon sentenced to the penitentiary for a period of nine months, and to reverse that judgment he prosecutes error.

It is contended that the court erred in overruling the defendant's plea in abatement and the motions above mentioned. It appears from the record, as above stated, that before filing said plea and motions, the accused had duly

entered a plea of not guilty, which had not been withdrawn. We have frequently held that, after a plea of not guilty, a plea in abatement, and motions and objections to the sufficiency and form of an information come too late. While the plea of not guilty remains on the record, neither a plea in bar, a plea in abatement nor a motion to quash can be entertained. At such a time the state is not required to answer or demur to a plea in abatement, and the court on its own motion may disregard such pleas and motions. *Davis v. State,* 51 Neb. 301; *Marshall v. State,* 6 Neb. 120; *Korth v. State,* 46 Neb. 631. In *Reinoehl v. State,* 62 Neb. 619, it was held:

"In a criminal prosecution for a felony, the accused will be taken and deemed to have waived all defects or irregularities which may be excepted or objected to by motion to quash or plea in abatement, when he demurs to the information or pleads to the general issue."

Therefore, the plea and motions were properly overruled.

It is further contended that the court erred in permitting the county attorney, over the objections of the accused, to verify the information after the plea of not guilty was entered. In *Bailey v. State,* 36 Neb. 808; *Davis v. State,* 31 Neb. 247; *Hodgkins v. State,* 36 Neb. 160, and *Johnson v. State,* 53 Neb. 103, it was held: A defect in the verification of an information is waived by a plea of not guilty. So the objection was properly overruled.

It is further contended that the court erred in overruling the motion to require the state to separately state and number the offenses charged in the information, and in overruling the motion to require the prosecutor to elect on which offense he would ask for a conviction. From an examination of the information it would seem that but one offense was attempted to be charged. The statute (sec. 212a of the criminal code) on which the prosecution was based, reads as follows: "Every person who shall, without good cause, abandon his wife and wilfully neglect or refuse to maintain or provide for her, or

who shall abandon his or her legitimate or illegitimate child or children under the age of sixteen years, and wilfully neglect or refuse to provide for such child or children, shall, upon conviction, be deemed guilty of a desertion and be punished by imprisonment in the penitentiary for not more than one year, or by imprisonment in the county jail for not more than six (6) months." In the case of *State v. Wood,* 14 R. I. 151, which was a prosecution under a statute similar to the one above quoted, the court said:

"Under a statute which provided, 'Every person who shall abandon his wife or children, leaving them in danger of becoming a public charge, or who shall neglect to provide according to his means for the support of his wife or children * * * shall be imprisoned not less than six months nor more than three years,' a complaint charged that the defendant 'did neglect to provide according to his means for the support of his wife and children.' *Held,* * * * sufficient and not bad for duplicity. Acts forbidden disjunctively by statute may generally be charged conjunctively in one count of an indictment or complaint."

This rule seems to be supported by *United States v. Hull,* 14 Fed. 324; *United States v. Fero,* 18 Fed. 901; *State v. Gray,* 29 Minn. 142; *State v. Carr,* 6 Ore. 133; *State v. House,* 55 Ia. 466; *In re Walsh,* 37 Neb. 454. So it appears from the great weight of authority that the information in this case was not bad for duplicity.

When the state offered its evidence the defendant objected to the introduction of any testimony on the part of the prosecution, because the information did not state facts sufficient to charge him with a crime against the laws of this state; and later on, after conviction, he filed a motion in arrest of judgment, which again raised the same question. He now contends that the court erred in holding the information sufficient, and that question is thus properly presented for our consideration. In the case of *Cuthbertson v. State,* 72 Neb. 727, we held an information

like the one now in question insufficient, in that it failed
to charge that the defendant had, *without good cause*, wil-
fully neglected or refused to maintain or support his wife.
We are satisfied with our conclusion in that case, and
without repeating the reasons there given, we may say that
the words "without good cause" are as essential to the
charge of neglect to support the wife as they are to the
question of abandonment.  Before the state can ask for a
conviction under the statute in question, it must prove
beyond a reasonable doubt that the defendant's neg-
lect to provide for or support his wife and child,
or children, must not only be wilful, but without good
cause.  Unless the state shall make it appear that the
accused has means or property with which to support
the wife, or is able-bodied, in good physical health, and
has ability to earn money with which to contribute to her
support, no offense is proved.  Hence, it is not only neces-
sary to charge want of good cause in the information, but
the state must also prove such charge, otherwise a convic-
tion cannot be sustained.  So we hold that the informa-
tion in this case is not sufficient in form or substance to
charge the crime of wife desertion.

The accused further contends that the judgment must
be reversed, because the evidence introduced on the part of
the state is not sufficient to sustain it.  It appears from
the record that no evidence was introduced or offered by
the prosecution tending to show that the defendant was
possessed of any means whatever; no attempt was made to
show that he was an able-bodied man, or capable of earn-
ing anything with which he could contribute to the sup-
port of his wife.  No circumstances were shown from
which the jury could assume that he left his wife without
a good cause.  So far as the record shows he may have had
the best of cause for his absence from her, and may have
been unable in any way to contribute to her support.  In a
prosecution under this statute, as in any other criminal
prosecution, the burden is on the state to prove every ele-
ment of the crime charged beyond a reasonable doubt.

With the evidence in the condition in which it appears in the record, it cannot be said that it is sufficient to sustain a conviction. It is possible that on another trial, with a new information and the introduction of additional evidence, the state may be able to make a case against the defendant, but the record before us does not support the judgment, and the defendant is entitled to a new trial.

For the foregoing reasons, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.