STATE OF NEBRASKA v. ULYSSES GRANT HOON.

FILED MARCH 21, 1907. No. 14,661.

Husband and Wife: DESERTION. In order to warrant a conviction under section 212a of our criminal code, both the "abandonment" and "failure to support" must occur since the taking effect of the statute.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*James L. Caldwell, Charles E. Matson* and *Tibbets & Anderson,* for plaintiff in error.

*Billingsley & Greene,* contra.

DUFFIE, C.

February 17, 1905, the county attorney filed an information in the office of the clerk of the district court for Lancaster county, Nebraska, charging Ulysses Grant Hoon with the crime of desertion, for that on the 1st day of April, 1904, in said county of Lancaster, and state of Nebraska, the said defendant did unlawfully, and without good cause, abandon Mary E. Hoon, his lawful wife; that defendant now, and ever since said date has, unlawfully, and without good cause, wilfully and purposely neglected and refused to maintain or provide for her support. A second count in the information charged the defendant with abandoning and refusing to support his three legitimate children, each being under the age of sixteen years. A trial was had to a jury, and, after the state had introduced its evidence and rested, the court directed a verdict of not guilty and the defendant was discharged. The state has brought the case to this court on error, and our opinion on the legal questions submitted is desired.

The facts established by the evidence are undisputed and are to the following effect: In April, 1900, the defendant, with his wife and three minor children, were living in the city of Lincoln, Lancaster county, Nebraska. At that date the defendant refused to longer live with his wife, to pay rent for the house in which they were residing, or to make provision for her support. She notified her father, a minister living at Sioux City, Iowa, of this condition of affairs, and he came immediately to Lincoln and had a conference with the defendant. The defendant made no complaint of the conduct of his wife, but said that he did not love her and would not continue to live with her; that he wanted a divorce. Mr. Stouffer, the wife's father, then said to him: "Well, Grant, I shall have

to have you do something for your family; I cannot support your family alone. I will be willing to take the responsibility for a time to see that these children are fairly educated as much as I can, but I cannot do everything." A second conversation was had the next day in the office of Judge Tibbets. In that conversation, defendant said he had no complaint whatever to make against his wife, and suggested that she get a divorce. Hoon was told that his wife did not want a divorce and would not apply for one, and it was finally arranged that, if Mr. Stouffer would take the family to Sioux City and do what he could with them there, Hoon would furnish $15 a month toward their support. Shortly thereafter the family was taken to Sioux City, where they have since resided. The defendant continued to pay $15 a month toward their support until sometime in 1904, when he refused to further contribute any amount whatever.

That the defendant abandoned his wife in 1900, and that since 1904 he has refused to provide for her support, is conclusively established by the evidence. That he was able to at least contribute to her support is shown by the evidence of his employer, who testified that he is now in receipt of $50 a month. Do these facts constitute a crime within the meaning of section 212a of our criminal code, under which the information was filed? The section in question reads as follows: "That every person who shall without good cause, abandon his wife and wilfully neglect or refuse to maintain or provide for her, or who shall abandon his or her legitimate or illegitimate child or children under the age of sixteen years, and wilfully neglect or refuse to provide for such child or children, shall, upon conviction, be deemed guilty of a desertion and be punished by imprisonment in the penitentiary for not more than one year, or by imprisonment in the county jail for not more than six (6) months." (This statute went into effect April 8, 1903.) It will be seen from the above provisions of the statute that two elements are necessary to complete the offense: First, an abandonment of wife or child without

reasonable cause; and, second, a refusal to provide. The evidence makes it clear that the abandonment in this case occurred in 1900, three years and more before any criminality could attach to the act.` It is true that the second element entering into the crime—the failure to support— did not take place until 1904. But the question arises: Can one be convicted of a felony by showing an act committed by him, innocent when done, but by a later statute made an essential element of the crime charged against him?

Section 16, art. I of our constitution, as well, also, as section 10, art. I, of the constitution of the United States, is prohibitive of *ex post facto* laws, and if we give this statute a retroactive effect by allowing acts of a defendant, not criminal when done, to be shown against him as a necessary element entering into the crime, then we are clear that the statute is unconstitutional and clearly forbidden by the provisions above referred to. The familiar definition of an *ex post facto* law is, "a criminal law retrospective in its operation." In *Marion v. State,* 16 Neb. 349, an *ex post facto* law is defined in the following words: "A law which makes an action done before its passage, which was innocent when done, criminal, and punishes such action, or that aggravates a crime or makes it greater than when it was committed, or which, in relation to that offense or its consequences alters the situation of the party to his disadvantage, or that changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed." In the body of the opinion it is said: "In *Calder v. Bull,* 3 Dall. (Pa.) 386, the supreme court of the United States have decided that the plain and obvious meaning and intention of this prohibition in the constitution is, that the legislatures of the several states shall not pass laws after a fact done by a citizen or subject which shall have relation to such fact." It is suggested that the offense defined is a continuing one, and, although the abandonment may have occurred long prior to the enactment of the statute,

still, if the crime was completed by a failure to support after the statute went into effect, the claim made by the defendant that it is an *ex post facto* law cannot be maintained. We do not think the legislature contemplated or intended to provide a continuing offense, nor do we think a proper construction of the language used would give the statute that effect. The same question under a similar statute was before the supreme court of Georgia, and it was there held: "If, after a completed act of desertion, a father has been convicted under a statute making it a misdemeanor for 'any father to wilfully and voluntarily abandon his child, leaving it in a dependent and destitute condition,' there can be no new act of abandonment until a return to the discharge of the parental obligation, and no new offense of abandonment until such a return, followed by another act of desertion, and this although the original abandonment is wilfully and voluntarily continued and the child remains dependent and destitute." *Gay v. State,* 70 Am. St. Rep. 68 (105 Ga. 599). The case is a well-reasoned one, and the holding appeals to our mind as a correct construction of the law.

There are other questions raised by the appellant, but, as the judgment of the district court will have to be sustained, for the reasons that the statute has no application where both abandonment and failure to support did not occur since it went into effect, we recommend an affirmance of the judgment appealed from.

ALBERT, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the exceptions taken to the judgment appealed from are overruled.

AFFIRMED.