CHARLES GRAHAM V. STATE OF NEBRASKA.

FILED JANUARY 24, 1912. No. 17,264.

1. **Criminal Law:** INSTRUCTIONS. Where the district court has by his instructions fully and correctly stated the law as it should be applied to the facts disclosed by the evidence in a criminal prosecution, he is not required to give further or additional instructions requested by the defendant.

2. ———: EVIDENCE: REVIEW. If the record contains competent evidence from which the jury could reasonably find the defendant guilty of the crime charged in the information, a reviewing court will not be justified in setting aside such a verdict.

3. ———: TRIAL: LIMITATION OF ARGUMENT. It is within the discretion of the district court to reasonably limit the time allowed counsel in which to argue his cause to the jury, and, unless it appears that there has been an abuse of such discretion, such a limitation does not afford sufficient reason for reversing the judgment of that court.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. Affirmed.

T. J. Doyle and G. L. De Lacy, for plaintiff in error.

Grant G. Martin, Attorney General, and Frank E. Edgerton, contra.

BARNES, J.

The state prosecuted Charles Graham, hereinafter

called the defendant, on an information charging him with having abandoned his wife, without good cause, and with wilfully, feloniously and unlawfully neglecting and refusing to maintain and provide for her support. A trial in the district court for Lancaster county resulted in his conviction. On the 6th day of May, 1911, defendant's motion for a new trial was overruled. At his request, sentence was suspended and he was released on a bond conditioned that he would properly support and provide for his wife. On the 8th day of July, 1911, it having been made to appear to the district court that the defendant had failed to abide by the conditions of his bond, and had at all times failed, neglected and refused to furnish his wife with any means of support, he was brought into court, and, having failed to show any cause why the judgment of the court should not be passed upon him, he was sentenced to serve a term of one year in the state penitentiary. From that judgment he has appealed to this court.

Defendant contends that the district court erred in refusing to give the jury instructions numbered 4, 5, and 6, requested by his counsel. The substance of instruction 5 was that there could be no conviction under the statute upon which the prosecution was based if it should appear that the husband, by reason of lack of property, money or estate, was unable to support his wife; that such a condition amounts to good cause and constitutes a complete defense to the prosecution of such a charge. By instruction numbered 6 it was stated, in substance, that if the jury believed from the evidence the husband had reason to believe that the wife was unfaithful to him, or that the wife neglected to prepare his meals and attend to the household duties when she was in good health and able to do so, and caused the husband to go to his work each day without having any breakfast, or spoke disrespectfully and in profane language of the mother of the husband without just cause or provocation for so doing, each of said acts, if found to exist by the jury and taken seriously

by the husband, would be a good cause for his conduct, and the jury should return a verdict of not guilty.

It appears, however, that the district court, upon his own motion, instructed the jury as follows: Instruction No. 6. "Abandonment under the statutes upon which this prosecution is based is an actual, wilful desertion, followed by a wilful neglect or refusal to contribute to the support of the wife, and there can be no conviction, even if there is an abandonment as above defined without good cause, unless such actual, wilful desertion, followed by a wilful neglect and refusal to contribute to such wife's support, is without good cause. The state must prove these several facts beyond a reasonable doubt, and, in addition to this proof, must prove, beyond a reasonable doubt, that at or about the time alleged the defendant was possessed of money, property or other means available for the maintenance and support of such wife, or had at least the earning capacity and the opportunity to work at the times alleged, and at the times alleged refused, without good cause, to maintain and support such wife."

We think this instruction covered all of the points contained in defendant's request numbered 5, that it conformed to the evidence in the case, and is a correct statement of the law. Therefore the court did not err in refusing to give that request.

It appears that the court, upon his own motion, also gave instruction numbered 7, which reads as follows: "You are instructed that primarily it is the duty of the husband to provide reasonable support for his wife, and that any wilful failure and refusal, without good cause, so to do constitutes a breach of his duty in that regard, and if he also has abandoned his wife, without good cause, then he has committed a desertion as that term is used in the statutes and as set out in the first paragraph of these instructions. The expression, 'without good cause,' does not mean that the husband can abandon his wife or neglect or refuse to provide for her for some trivial reason; before the law justifies him in so doing,

he must have some substantial reason or cause which would cause or justify the ordinary person to neglect one of his most important duties."

It is contended that this instruction was too general, and did not explain or define the meaning of "without good cause," and it is insisted for that reason that the court erred in refusing to give paragraph 6 of the instructions requested by the defendant, the substance of which has been heretofore stated. To our minds the instruction given by the trial court was sufficient, and the request presented by the defendant was open to the objection that it directed attention to a portion of the evidence only, and gave too much importance to the defendant's own testimony. It appears that the defendant, by his own statements, attempted to create the impression that his wife had been unfaithful to her marriage vows, and that she had been somewhat neglectful in performing her household duties. A careful reading of the record satisfies us that the defendant made no serious complaint of any of those matters until after he had determined to abandon his wife, and, but for this prosecution, he would not have seriously considered those matters. His insinuations of infidelity on her part seem to be wholly unsupported by the testimony and without merit, while the other matters cannot be said to constitute a good ground for his failure and refusal to support his wife, although they might be considered a reason for his refusal to live with her. As we view the record, the instruction above quoted was a proper one, and the refusal to instruct the jury, as requested by the defendant, was without error.

It is further contended that the evidence was insufficient to sustain the verdict. There is sufficient evidence in the record tending to show desertion and neglect on the part of the defendant towards his wife. It appears that she was frequently left alone at night at her home, while defendant stayed out on the street or at his mother's house; that on December 21, 1910, he left home, leaving his wife a written note, stating, "I won't be home

for supper. See?" that he remained that night at his mother's house; that his wife called him up the following morning and wanted to talk with him, but he refused to go home or have anything to say to her; that thereafter she repeatedly sought interviews with him and requested him to come home; that she asked him for $5 with which to aid in her support, and he answered, "I haven't seen $5;" that thereafter, at all times, he has refused to contribute anything towards her support or towards the support of her child, which was born at a later period. The testimony clearly shows that he was an able-bodied man; that he had been earning money at the rate of $48 a month. It is true that he had, before leaving his wife, contributed to her support, and that she had no complaint to make in that respect until after the desertion took place; that at the time he deserted his wife he had $43 in the bank, and that within a few days thereafter he secured a job with the traction company; that he was still working for the company at the time his trial took place; that he was then earning and has continued to earn from 18 cents to 20 cents an hour; that he spent the money which he had in the bank at the time he deserted his wife for a uniform and other things, and refused to contribute anything to her support, declaring, as his excuse, that he had no money.

Finally, it is contended that the court erred in limiting his counsel to 40 minutes' time in his address to the jury. We think this contention is without merit. That matter was clearly within the discretion of the trial court, and we are unable to say that the limitation was an abuse of such discretion.

A careful examination of the record satisfies us that it contains sufficient evidence to support the verdict, and the jury were justified in finding defendant guilty, as charged in the information. So far as we are able to discover, the record contains no reversible error, and the judgment of the district court is

AFFIRMED.