## CHARLES T. ALTIS v. STATE OF NEBRASKA.

FILED JANUARY 26, 1922. No. 22076.

1. **Husband and Wife:** ABANDONMENT: ELEMENTS OF OFFENSE. To constitute an offense under the provisions of section 8614, Rev. St. 1913, whether as to wife, or child, or both, abandonment without good cause and failure or refusal to support are each material elements, each must exist without good cause, and be so charged in the information.

2. **Criminal Law:** INSTRUCTIONS: OMISSION OF ELEMENT OF OFFENSE. An instruction purporting in itself to be complete and to authorize either a conviction or acquittal, as the jury may find the facts therein stated, and which omits all reference to an element of the offense essential to a conviction, or to any other instruction covering such element, is erroneous.

ERROR to the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*W. W. Towle* and *George A. Adams,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Charles S. Reed, contra.*

Heard before LETTON, DEAN and DAY, JJ., BLACKLEDGE and TEWELL, District Judges.

BLACKLEDGE, District Judge.

Plaintiff in error was convicted in the district court for Lancaster county, upon a charge of having abandoned and failed to support his wife and children, and prosecutes error to this court.

The objection was urged at the trial and by motion in arrest of judgment, and is now presented to this court, that the information does not state facts sufficient to charge the plaintiff in error with an offense against the laws of this state, in that the element of want of good cause is omitted. The charging part of the information is as follows:

"That Charles T. Altis, late of the county aforesaid, on or about the 1st day of March, A. D. 1920, in the county of Lancaster, and the state of Nebraska, then and there being, did then and there unlawfully and feloniously abandon his lawful wife, Jennette M. Altis, and his three minor legitimate children, under the age of sixteen years, to wit, Cecil Altis, aged 10 years, Doris Altis, aged 6 years, and Imogene Altis, aged 4 years; and did then and there and thereafter wilfully and feloniously and without good cause neglect and refuse to provide

for his said wife and his said children, although he, the said Charles T. Altis, is a strong able-bodied man amply able to provide and furnish suitable support and maintenance for his said wife and his said children."

The cause is prosecuted under section 8614, Rev. St. 1913, the provisions of which have been at different times construed by this court. In *Cuthbertson v. State,* 72 Neb. 727, the court had under consideration an information charging desertion and failure to support in reference to the wife only, and therein the court held, and states in the syllabus of the case: "The information must clearly state that both the abandonment and the defendant's neglect or refusal to·maintain or provide for his wife were without good cause." In *State v. Hoon,* 78 Neb. 618, the court considered an information charging abandonment and failure to support as to both wife and child. The language of the information is not set out in the opinion, but it clearly appears that the court there held that there were two elements constituting the offense: First, an abandonment of wife and child without reasonable cause; and, second, a refusal to provide. In this case, because the abandonment had taken place before the statute became in force, it was held that the prosecution could not be maintained. In *Goddard v. State,* 73 Neb. 739, the court, by Barnes, J., uses this language in the opinion: "Before the state can ask for a conviction under the statute in question, it must appear beyond a reasonable doubt that the defendant's neglect to provide for or support his wife and child, or children, must not only be wilful, but without good cause." It is therefore obvious that, although in the section of the statute under consideration, the words, "without good cause," occur but once, yet they have been construed by the court as qualifying both the element of abandonment and of failure to support, whether applied to wife or child. The rule, therefore, as announced in *Newby v. State,* 75 Neb. 33, is applicable. Therein it is said: "The rule is well settled that to charge a statutory offense the information must

contain a distinct allegation of each essential element of the crime as defined by the law creating it.  In charging a statutory offense it is always necessary, and generally sufficient, to charge it in the language of the statute, or its equivalent.  While the precise words of the statute need not be used, it is necessary that words equivalent in meaning be employed.  1 Bishop, Criminal Procedure (4th ed.) sec. 614; Maxwell, Criminal Procedure, 145; *Cuthbertson v. State*, 72 Neb. 727." Applying these rules to the information in the instant case, there being a total failure to allege therein, either as to the wife or children, that there was an abandonment without good cause, it is clear that the information is insufficient to charge the offense, and the objections of the plaintiff in error should have been sustained.

Exception was taken and complaint is now made to the giving of instruction No. 5, which instruction is as follows:

"You are instructed that if you believe from the evidence beyond a reasonable doubt, that the defendant both abandoned his said family and wilfully neglected or refused to support them at or about the time charged in the information, then you will find him guilty; otherwise, it will be your duty to acquit him."

This instruction in itself purports to be complete and to authorize either a conviction or an acquittal of the defendant accordingly as the jury may find the facts stated in the instruction.  There is no reference to any other element of the offense, or to any other instruction in which another element is considered.  It could not matter that the court in another instruction informed the jury that it was necessary for the state to establish that the defendant did wilfully neglect or refuse, without good cause, to provide for his family, or that in another instruction it quoted the language of the statute.  These, at most, would only raise a conflict in the instructions and the jury would not know which they should follow. It is more than probable that, finding here a short, con-

cise statement which, in and of itself, authorizes either a conviction or an acquittal upon the facts therein stated, the jury would conclude that they did not need to look further, and that the element of good cause was not material to be considered in the case. Such an instruction has been held in *McAleer v. State*, 46 Neb. 116; *Bergeron v. State*, 53 Neb. 752, and *Goldsberry v. State*, 66 Neb. 312, to be erroneous, and its giving in this case was prejudicial error.

The judgment is therefore reversed and the cause remanded for further proceedings according to law.

REVERSED.