Note—See Agriculture, 2 C. J. 998 n. 31 New; 25 A. L. R. 1113; 33 A. L. R. 248.

---

STATE OF NEBRASKA V. ANDY HALBERT.

FILED JANUARY 13, 1927. No. 25720.

1. **Indictment:** ESSENTIAL ALLEGATIONS. The general rule in this state is that, to charge a statutory offense, the information or indictment must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent, and that an information so doing is ordinarily sufficient.

2. **Gaming:** INDICTMENT: ALLEGATIONS. In charging an offense under section 9803, Comp. St. 1922, it is not essential to include therein a charge that the defendant gambled on the device with others, or permitted others to gamble thereon.

3. **Indictment:** NEGATION OF EXCEPTION. In charging a statutory crime where the statute contains an exception, the general rule is that the information should properly negative such exception. but where the allegation covers the affirmative part of the statute and clearly involves a negation of the other, no further negative need be added, and it is unnecessary for the pleader to refer to the exception.

4. **Information** in this case examined and *held* sufficient.

ERROR to the district court for Richardson county: JOHN B. RAPER, JUDGE. *Exceptions sustained.*

*F. N. Prout,* for plaintiff in error.

*John C. Mullen, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

In this case a grand jury presented an indictment against the defendant consisting of three counts covering three separate transactions occurring on three separate dates. They were drawn under the provision of section 9803, Comp. St. 1922. The language of each count, excluding the element of time, was identical, and charged that the defendant "did then and there unlawfully and feloniously set up and keep a gaming table, adopted, devised and designed for the purpose of playing with dice, a game of chance for money." To this indictment the district court sustained a motion to quash. The grounds upon which this motion was based are set forth in eight paragraphs thereof, which, so far as importance in this proceeding is concerned, may be epitomized as follows: That the indictment did not state facts sufficient to constitute an offense of either the grade of felony or misdemeanor or notify the defendant of the offense to which he was required to answer. Exceptions to this ruling were taken by the county attorney, and under section 10192, Comp. St. 1922, were presented to this court, John C. Mullen, Esq., appearing under appointment of the trial judge to argue the case against the prosecuting attorney.

The principle of constitutional law "that in all criminal prosecutions the accused shall have a right to demand the nature and cause of accusation and to have a copy thereof" is not questioned in this proceeding. The real issue is, has the constitutional provision been properly interpreted and applied in the instant case?

The general rule in this state is that, "to charge a statutory offense, the information or indictment must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent." *Barton v. State,* 111 Neb. 673. See, also, *Newby v. State,* 75 Neb. 33; *Altis v. State,* 107 Neb. 540; *Gaweka v. State,* 94 Neb. 53; *Jones v. State,* 112 Neb. 710; *Moline v. State,* 67 Neb. 164.

The question presented is strictly a matter of pleading, and to it the discussion will be limited.

In support of the position of the district court, we are cited to *State v. Wade*, 267 Mo. 249; *State v. Brown*, 118 Kan. 603.

In *State v. Wade, supra*, the information charged that the defendant "did then and there wilfully, unlawfully and feloniously set up and keep a certain table and gambling device, commonly called a crap table, which said crap table was then and there and on said other days and times a gambling device adapted, devised and designed for the purpose of playing games of chance for money and property; and did then and there * * * unlawfully and feloniously induce, entice and permit certain persons, to wit, * * * to bet and play at and upon a game played on and by means of such gambling device."

"The information in this cause is bottomed on section 4750, Revised Statutes 1909, which is as follows: 'Every person who shall set up or keep any table or gaming device commonly called A B C, faro bank, E O, roulette, equality, keno, slot machine, stand or device of whatever pattern, kind or make, or however worked, operated or manipulated, or any kind of gambling table or gambling device, adapted, devised and designed for the purpose of playing any game of chance for money or property, and shall induce, entice or permit any person to bet or play at or upon any such gaming table or gambling device, or at or upon any game played or by means of such table or gambling device or on the side or against the keeper thereof, shall, on conviction,' " etc.

The evidence discloses that the tables in actual use were pool tables with a crap layout on them and that craps was actually being played thereon. In the opinion it is said: "In construing statutes we have so frequently applied the familiar rule of *ejusdem generis*, that we would not now be warranted in departing therefrom. We have said this doctrine meant that, when an enumeration of certain specified things in a statute is followed by general words or phrases, such words or phrases of general description shall be deemed to mean things of the same class and kind, and

not include things wholly different from those specifically mentioned, or otherwise expressed; that when general words follow particular words they must be construed as applicable only to the things of the same general class as the particular words by which they are preceded." *State v. Wade, supra.*

If it be conceded that the application of this rule is required by the terms of the Missouri statute and that certain kinds of "gambling tables" or "gambling devices," appropriately described by its general language, were not of the same general class as "A B C, faro bank, E O, roulette, keno," etc., it would logically follow that the language of the information in *State v. Wade, supra,* was broader than the statute on which it was based and therefore defective. To that extent this case sustains defendant's contention.

As to the case of *State v. Brown,* 118 Kan. 603, so far as it applies to the question of pleading here presented, it does not at all sustain the defendant's contention.

It is true that the terms of the Missouri statute substantially appear as the Kansas act before the court in the case last mentioned. But the Kansas court, in answer to the contention that the doctrine of *ejusdem generis* was controlling in the interpretation of the Kansas statute, expressly repudiated that doctrine of the supreme court of Missouri, holding that *ejusdem generis* "had no place in the interpretation of the Kansas statute;" that, where the subject for consideration was a "device" of a kind not expressly enumerated in the statute, the general provisions of the Kansas act should be read as "though they stood alone;" that an information in the following language (omitting formal parts), "That * * * one M. Brown did * * * knowingly permit and allow to be set up and maintained gambling device and devices, composed of tables used for gaming and playing cards, the same being then and there adapted, devised and designed for the purpose of playing a game and games of chance, commonly known as 'poker'

and other games of chance for money and other property (description of premises)," was held "sufficient," though a similar information was held defective in *State v. Wade, supra*. This was because, "though the exact language of the statute was not followed, it was substantially so."

We cannot accede to the proposition advanced by the defendant "that the indictment against Halbert does not charge that he gambled on the table with others, or that Halbert permitted others to gamble on the table," and therefore insufficient. A similar question before the supreme court of Illinois received the following treatment: "It is next contended that the allegation descriptive of the purposes for which the slot machine was used is faulty. The indictment charges that plaintiff in error did 'keep a certain slot machine, the same then and there being a device upon the result of the action of which money or other valuable thing is staked.' It is claimed that this last allegation should be, 'upon the result of the action of which money or other valuable thing was then and there staked.' The allegation of the indictment is in the language of the statute, and that is sufficient." *Bobel v. People,* 173 Ill. 19.

This court has long been committed to the rule that generally a charge in the language of the statute defining the offense, in the indictment, is sufficient. *Goff v. State,* 89 Neb. 287; *State v. Lauver,* 26 Neb. 757; *Leisenberg v. State,* 60 Neb. 628; *Peterson v. State,* 64 Neb. 875; *Cordson v. State,* 77 Neb. 416; *Cuthbertson v. State.* 72 Neb. 727; *Newby v. State,* 75 Neb. 33. We find no good reason why this rule is not applicable in the instant case.

It therefore follows that the exceptions of the county attorney must be sustained, unless we are to approve the last proposition advanced by the defendant in error, which is that the indictment is bad because it failed to negative the exception in the statute. It will be noted that the words "except billiard tables" appear in our statute. If these words form a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the excepted words are not negatived, the

defendant's contention must be sustained. But, even so, has not the rule been complied with in the present case?

"As a rule any words which exclude the exception with certainty are sufficient. An express negation is not necessary where the charge preferred, from its nature, conclusively imports a negation." 31 C. J. 725, sec. 270.

Or, as expressed by this court: "In charging a statutory crime, where the statute contains an exception, the general rule is that the information should properly negative such exception; but, where the allegation covering the affirmative part of the statute clearly involves a negation of the other, no further negative need be added, and it is unnecessary for the pleader to refer to the exception." *Holmes v. State*, 82 Neb. 406. Such is the case before us.

It follows, therefore, that, the indictment properly charged a crime under the laws of Nebraska, and in the quashing of the same the district court erred.

EXCEPTIONS SUSTAINED.

Note—See Indictment and Information, 31 C. J. 703 n. 86, 705 n. 1, 708 n. 29, 717 n. 25, 720 n. 57, 725 n. 90, 726 n. 91; 14 R. C. L. 185.