16555

STATE v. CALDWELL
(67 S. E. (2d) 421)

Mr. J. Wiley Brown, of Greenville, for Appellant,

*Messrs. Hubert E. Nolin. County Solicitor, and Ralph W. Drake,* of Greenville, *for Respondent,*

October 30, 1951.

BAKER, Chief Justice.

At the March, 1951, term of the Greenville County Criminal Court, the appellant was placed on trial on a charge of nonsupport of his wife and minor unmarried children dependent upon him for support in violation of Section 1123 of the Criminal Code of South Carolina. Before a jury was drawn, counsel for appellant made a motion to quash the indictment on the ground that it was duplicitous, which motion was refused, and appellant was ordered to trial. He thereupon pleaded not guilty, but was convicted by the jury of the nonsupport of his wife only.

The sole issue raised by this appeal is as to the correctness of the said Court's refusal to grant the motion to quash the indictment on the ground stated.

The indictment contained but one count and read as follows: "That B. J. Caldwell, in the County and State aforesaid, did on the first day of January, in the year of our Lord one thousand, nine hundred and fifty, and prior thereto and on divers days before and since to the date here of,

being an able-bodied man, capable of earning and making a livelihood, did, without just cause or excuse, fail to supply the actual necessaries of life to his wife, and to his minor, unmarried children dependent upon him, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

In making the motion to quash the indictment on the ground of duplicity, counsel took the position that when the appellant was charged in one count with failure to supply the actual necessaries of life to his wife and his minor unmarried children, two separate and distinct offenses were alleged in one count.

The section of the Code (1123) with which the appellant was charged with violating reads as follows: "Husband fail support wife and children, misdemeanor.—Any able-bodied man or a man capable of earning or making a livelihood who shall, without just cause or excuse, abandon or fail to supply the actual necessaries of life to his wife or to his minor, unmarried child or children dependent upon him, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned for a term of not exceeding one year, or be liable to a fine of not less than three hundred dollars nor more than fifteen hundred dollars, or both, in the discretion of the court: *provided,* that if he, either before or after conviction, shall give bond, with one or more sureties, approved by the clerk of the court, in the sum of not less than $100.00, nor more than $3,000.00 under such terms and conditions as the court in its discretion may deem wise and proper for the maintenance and support of the defendant's wife or minor unmarried child or children, he shall not be imprisoned or the fine imposed, until the condition of said bond is broken; *provided, further,* if a fine be imposed, the court may in its discretion order that a portion of the fine be paid to a proper and suitable person or agency for the maintenance and support of defendant's wife or monor unmarried child or children."

It will be noted that the punishment on conviction of a violation of this statute is the same if a defendant is charged with the failure to furnish the necessaries of life to his wife or to his minor, unmarried child or children dependent upon him, and if convicted as to both the wife and minor, unmarried child or children; and that the punishment is in a wide range within the discretion of the trial Judge. It will further be noted that there is a wide range in the amount of bond which a convicted defendant may be required to give for the support of his wife, or minor, unmarried child or children, or both, to avoid the service of such sentence or the payment of such fine as may be imposed by the trial Judge; and that the bond shall contain such terms and conditions as the Court in its discretion may deem wise and proper for the support of the defendant's wife or minor, unmarried child or children or both. It will be further noted that if a fine is imposed on a convicted defendant under this statute, the Court may in its discretion order that a portion of the fine be paid to a suitable person or agency for the maintenance and support of the defendant's wife or minor, unmarried child or children.

It is clear to our minds that there is but one offense intended to be legislated against by this statute, to wit, the failure of an able-bodied man or a man capable of earning or making a livelihood, who, without just cause or excuse, abandons or fails to support his wife, or if there be a minor, unmarried child or children, fails to support such child or children, or both his wife and minor unmarried child or children.

If the narrow construction for which the appellant contends by reason of the use of the word "or" in the statute be adopted, then a man who furnished to his wife and minor, unmarried child or children the necessaries of life, but who lived separate and apart from them, could be successfully prosecuted under this statute on the ground that he had abandoned them, because the statute reads, "abandon *or* fail to supply the * * * necessaries of life to his wife

\* \* \* or children dependent upon him". Surely, it was not the intent of this statute to compel a man to live with his wife or minor, unmarried child or children dependent upon him for support.

Suppose, however, that this Court should hold that the failure of a man to support his wife constitutes one offense, and the failure to support his minor, unmarried child or children constitutes a separate offense, and that where there are both a wife and child or children involved, the offenses must be set out in separate counts in the indictment; and the defendant is convicted on both counts. Would it be contended for one moment that under this statute the trial Judge could sentence such convicted defendant the maximum fine of fifteen hundred dollars or imprison him for one year, or both, on each of the counts? And could the Court require the giving of two $3,000.00 bonds by the convicted defendant? To ask these questions is to answer them. Whether a defendant fails to furnish the necessaries of life to either his wife, if she be living, or to his minor, unmarried child or children, or both if the wife be living and there is a minor, unmarried child or children, is but one offense under the statute, and only one sentence can be imposed, in the wise discretion of the trial Judge.

Where the failure of a man to furnish the necessaries of life to both a wife and minor, unmarried child or children is alleged in one count, the presumption is that the Solicitor handing out the indictment has information that there is probable cause as to such man's guilt in both instances, and there is the further presumption that the grand jury will also make the necessary investigation to warrant it in finding a True Bill as to both. However, as in this case, if upon a trial of the case, it develops that the defendant either has been furnishing the necessaries of life to the wife or minor, unmarried child or children, or has just cause or excuse for not so doing, it is the further presumption that the petit jury will render its verdict in accord with the evidence adduced

upon the trial. The record shows that the appellant here was convicted of the failure to furnish the necessaries of life to only his wife. Thus he was acquitted of that portion of the offense relating to his minor, unmarried children; and we assume that this was taken into consideration by the trial Judge in the sentence imposed, and the amount of the bond required as provided for in the statute.

If a defendant be charged with the offense under discussion as to both his wife and minor, unmarried child or children dependent upon him for support, we know of no reason, upon the call of the case for trial, or even during the trial of the case, why such defendant cannot make it known to the Court that he is defending only as to the wife, or as to the child or children, if such be his position, and the trial would then be limited to that sole issue. On the civil side of the Court, in alimony cases, where children are involved and reside with the mother, such children are taken into consideration by the Court in awarding the amount of alimony ordered to be paid, and it is the same here where a defendant is convicted of failing to supply the necessaries of life to both, in the sentence imposed and the bond required to be given to prevent the execution of the sentence.

Had the statute here read: any able-bodied man or a man capable of earning or making a livelihood who shall, without just cause or excuse, abandon or fail to supply the actual necessaries of life to his wife *and* (instead of or) to his minor, unmarried child or children dependent upon him, the position could be taken with some degree of soundness that the prosecution of a husband for the failure to furnish the necessaries of life to a childless wife was not in contemplation of the statute since it was necessary that there be both a wife *and* a minor, unmarried child or children. Of course, the statute was intended to protect such a childless wife, and if there were children of the marriage, the wife and such child or children.

There is, in a case such as this, the important responsibility of the State through its courts, to protect the rights of a wife and minor, unmarried children dependent for support upon the husband and father, respectively, and such is the basic reason for the enactment of the statute under consideration. As was stated by Mr. Justice Gage in writing the opinion of the Court in *State v. English,* 101 S. C. 304, 85 S. E. 721, 722, L. R. A. 1915-F, 977, "The state has always busied itself about the domestic relations; about marriage and who may contract it, and how women may be protected from the force and stratagem of men; about children, their education, and their employment; about morality and how it shall be preserved in the family. These forces which operate to impair the integrity of the family will finally sap the foundations of the state. Society is interested that the family shall be maintained first of all by meat and bread. The state may command that in behalf of all its members; it has commanded it by the statute under review. The penalty for the breach of the command is imprisonment. But that is not for any 'debt' due by the husband to the wife; it is for the husband's failure to obey society's law, made for society's subsistence."

A case directly bearing on the question here is *Goddard v. State,* 73 Neb. 739, 103 N. W. 443, from which we quote: "It is further contended that the court erred in overruling the motion to require the state to separately state and number the offenses charged in the information, and in overruling the motion to require the prosecutor to elect on which offense he would ask for a conviction. From an examination of the information it would seem that but one offense was attempted to be charged. The statute on which the prosecution was based reads as follows: 'Every person who shall, without good cause, abandon his wife and willfully neglect or refuse to maintain, or provide for her, or who shall abandon his or her legitimate or illegitimate child or children under the age of sixteen years, and willfully neglect or refuse to provide for such child or children shall, upon con-

viction be deemed guilty of a desertion, and be punished by imprisonment in the penitentiary for not more than one year, or by imprisonment in the county jail for not more than six months.' In the case of *State v. Wood,* 14 R. I. 151, which was a prosecution under a statute similar to the one above quoted, the court said: 'Under a statute which provides that every person who shall abandon his wife or children, leaving them in danger of becoming a public charge, or who shall neglect to provide according to his means for the support of his wife or children, shall be imprisoned not less than six months nor more than three years, a complaint which charged that the defendant did neglect to provide according to his means for the support of his wife and children was sufficient, and not bad for duplicity. Acts forbidden disjunctively, by statute, may generally be charged conjunctively in one count of an indictment or complaint.' This rule seems to be supported by *U. S. v. Hull, D. C.,* 14 F. 324; *U. S. v. Fero, D. C.,* 18 F. [901] 902; *State v. Gray* 29 Minn. [142] 144, 12 N. W. 455; *State v. Carr,* 6 Or. 133; *State v. House,* 55 Iowa 466, 8 N. W. 307; *In re Walsh,* 37 Neb. [454] 459, 55 N. W. 1075. So it appears from the great weight of authority that the information in this case was not bad for duplicity."

We are aware of the general rule subject to some qualifications, that an indictment which charges two or more distinct offenses in the same count is bad for duplicity, but this indictment and the offense charged do not fall within this category.

The exception of the appellant is overruled, and the judgment appealed from affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.