STATE OF NEBRASKA, APPELLEE, v. ANTHONY F. PITZEL, APPELLANT.

147 N. W. 2d 524

Filed December 29, 1966. No. 36310.

Ralph R. Bremers, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MANASIL, District Judge.

MANASIL, District Judge.

This is a criminal case wherein the defendant is charged with a felony as a result of an information having been filed against him by the State of Nebraska charging substantially that he is guilty of the crime of abandonment of wife and children in that on or about the 17th day of May 1965, Anthony F. Pitzel did without good cause, abandon his wife and willfully neglect or refuse to maintain or provide for her, and did abandon his children under the age of 16 years.

The district court entered an order to the effect that defendant, being indigent, be represented by M. McCormack, public defender. Defendant was arraigned, pleaded guilty, and was adjudged by the court to be guilty as charged. Sentence was deferred.

Subsequently on the 16th day of December 1965, the court entered an order to the effect that defendant appeared with counsel, Ralph H. Bremers, for hearing, and that he moved for leave to withdraw his former plea of guilty; evidence was adduced on behalf of defendant; argument was made by said counsel; and a finding made by the court that the evidence adduced by defendant was not sufficient to overcome the findings by the court therein at the time of arraignment, nor of any sufficient probative value, nor sufficient to require the court, in its discretion, to grant the motion. The motion was denied.

Afterwards on the 21st day of December 1965, a judgment and sentence was rendered and entered against defendant who was present before the court, after a motion was made by his counsel ore tenus for leave to withdraw his former plea. The motion was denied.

The information was laid under section 28-446, R. R. S.

1943, which provides in part: "Whoever, without good cause, abandons his wife and willfully neglects or refuses to maintain or provide for her, or whoever abandons his * * * children * * * and willfully neglects or refuses to provide for such * * * children * * * shall, upon conviction thereof, be deemed guilty of desertion."

The State charged that the offense had been committed May 17, 1965. From November 28, 1962, to January 20, 1966, a suit by defendant's wife for divorce from bed and board was pending in Douglas County. On November 28, 1962, defendant's wife obtained this restraining order: "IT IS * * * ORDERED that pending this action the defendant * * * be and is hereby restrained from coming upon the premises * * * or upon any premises hereafter occupied by the plaintiff alone or with others or occupied by any issue born of this union, and from in any manner imposing any restraint upon the personal liberty of plaintiff directly or indirectly or by telephone."

On December 5, 1962, the court ordered temporary allowances and found that the restraining order should continue until further order. No dissolution appears, and a stipulation recites that the restraining order "is still pending."

The material elements of the offense are abandonment and neglect to support and both without good cause. Colling v. State, 116 Neb. 308, 217 N. W. 87; Cuthbertson v. State, 72 Neb. 727, 101 N. W. 1031; Altis v. State, 107 Neb. 540, 186 N. W. 524. The statute does not provide a continuing offense. State v. Hoon, 78 Neb. 618, 111 N. W. 462.

Our definition of abandonment has varied. Graham v. State, 90 Neb. 658, 134 N. W. 249, approved the following instruction: " 'Abandonment * * * is an actual, wilful desertion, followed by a wilful neglect or refusal to contribute to the support of the wife, * * *.' "

Colling v. State, *supra*, states: "* * * the abandonment occurred at the same time as the abandonment of the

wife, but a different rule would obtain as to the child. Departing from the home where the child was would not necessarily be an abandonment of the child. * * * The mere failure to support the child would not constitute the offense and start the statute of limitations to running."

State v. Hoon, *supra*, states: "* * * the abandonment in this case occurred in 1900, three years * * * before any criminality could attach to the act. * * * the second element * * * the failure to support—did not take place until 1904. But the question arises: Can one be convicted of a felony by showing an act committed by him, innocent when done, but by a later statute made an essential element of the crime charged against him? * * * It is suggested that the offense defined is a continuing one, and, although the abandonment may have occurred long prior to the enactment of the statute, still, if the crime was completed by a failure to support after the statute went into effect, the claim made by the defendant that it is an ex post facto law cannot be maintained. * * * The same question under a similar statute was before the supreme court of Georgia, and it was there held: 'If, after a completed act of desertion, a father has been convicted * * *, there can be no new act of abandonment until a return to the discharge of the parental obligation, and no new offense of abandonment until such a return, followed by another act of desertion, and this although the original abandonment is wilfully and voluntarily continued and the child remains dependent and destitute.' Gay v. State, 70 Am. St. Rep. 68 (105 Ga. 599). The case is a well-reasoned one, and the holding appeals to our mind as a correct construction of the law."

In People v. Duston, 173 Mich. 368, 138 N. W. 1047, 42 L. R. A. N. S. 1065, it is said: "'Abandonment' is * * * 'the act of a husband * * * who leaves his * * * consort wilfully, and with intention of causing perpetual separation.' * * * In the case at bar, respondent has

already been separated from his wife and children by the decree of a court. He was a thing apart from them. He had no right to, and could not if he wished, resume marital or family relations with them. * * * to constitute the offense, desertion, abandonment, and refusal or neglect must contemporaneously combine; * * *."

In Annotation, 73 A. L. R. 2d 975, it is said: "The majority view is that a father cannot commit the offense of abandonment or desertion of a child after the entry of a divorce decree which awards the custody of the child to the mother where the mother has actual possession of the child at and after the entry of the order for custody. In such a case the child lives with the mother, but the father is not entitled to live with the mother and child, so that the fact that the father lives apart from the child as authorized or required by a court order can hardly be deemed a desertion."

In regard to the effect of a pending divorce suit upon desertion as a ground for divorce from bed and board, this court said: "Time elapsing during the pendency of a divorce case may not be added to or counted in the period required to establish a claim of 'utter desertion' under the statute. The parties have a right as a matter of public policy to assert their claims in court, and even though judicially found to be groundless, should not bear the risk of having their right to be heard defeated by the danger of the length of the period of time elapsing during the pendency of the litigation. * * * 'It is elementary that while a divorce proceeding is pending the parties must live separate and apart. Such a separation is not wrongful, hence a charge of abandonment cannot be based thereon. * * * such tacking of time cannot be had, * * *.' To require cohabitation, with the implication of intercourse and foregiveness during the pendency of a divorce case in order to defeat a subsequent possible claim of desertion, would be against public policy * * *." Upah v. Upah, 175 Neb. 606, 122 N. W. 2d 507.

Leave should ordinarily be given to withdraw a plea

of guilty if it was entered by mistake, or under a misconception of the nature of the charge through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; when made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury. If such a plea has been received by the court without observance of the precautions and solemnities required by law, the court should permit the plea to be withdrawn. On the other hand, if a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandingly and without fear or persuasion, the court may, without abusing its discretion, refuse to permit him to withdraw it. See, 14 Am. Jur., Criminal Law, § 287, p. 961, and cases cited in the notes thereunder. See, also, 22 C. J. S., Criminal Law, § 421, p. 1138; Annotations, 20 A. L. R. 1445, 1454, 66 A. L. R. 628, 638, 149 A. L. R. 1403, 1413.

The question before this court is, could the defendant be guilty of abandonment of his wife and children on May 17, 1965, when on November 28, 1962, defendant's wife obtained a restraining order and on December 5, 1962, the same order was continued. The court ordered allowances for support, which order was still in effect to January 20, 1966. Further, by a stipulation between the State and the defendant, on January 20, 1966, the restraining order was in force and effect.

If any violation of the restraining order occurred or nonpayment of support, the defendant could have been brought before the court as provided by section 25-2121, R. R. S. 1943, which deals with contempts. As stated in Colling v. State, *supra:* "* * * there must be both an abandonment and neglect to support and both without just cause." When, as in this case, a person, by judicial order, is separated from his wife and children, no illegal abandonment could occur.

The judgment is reversed and the cause remanded

with directions to allow the defendant to enter a plea of not guilty, after which this cause shall be dismissed. REVERSED AND REMANDED WITH DIRECTIONS.